UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:20-CV-14130-ROSENBERG/MAYNARD

MICHELLE MILLER,

    Plaintiff,

v.

EDWARD D. JONES & CO., L.P.
and STEPHEN R. HEDRICK,

    Defendants.

_____/

**ORDER SETTING STATUS
CONFERENCE, CALENDAR CALL, PRETRIAL DEADLINES, AND
TRIAL DATE, ORDER OF REQUIREMENTS, ORDER OF REFERENCE
TO MAGISTRATE JUDGE, AND ORDER OF REFERENCE TO MEDIATION**

    This Court enters the following Order to apprise the parties of the trial date in this case and to establish certain pretrial procedures. Many of the procedures delineated in this Order are unique to the undersigned and, as a result, the parties should carefully review this Order. This Order establishes pretrial deadlines. It is the Court's intention that this Order will provide the parties with all of the information they need to litigate before this Court.

    This Order is organized as follows:

1.  **TRIAL, CALENDAR CALL, AND STATUS CONFERENCE**, page 3.

2.  **SERVICE**, page 4.

3.  **REFERRAL OF CERTAIN PRETRIAL MOTIONS**, page 4.

4.  **PRETRIAL DEADLINES**, page 4.

5.  **EXTENSIONS OF PRETRIAL DEADLINES**, page 6.

6.  **JURY TRIALS**, page 8.

7.  **BENCH TRIALS**, page 9.

8.  **EXHIBIT AND WITNESS LISTS**, page 10.

9.  **TRIAL PLAN, STATUS CONFERENCE, AND PRETRIAL RULINGS**, page 10.

10. **HEARINGS**, page 13.

11. **MOTIONS FOR SUMMARY JUDGMENT**, page 13.

12. **MOTIONS IN LIMINE**, page 16.

13. **MOTIONS TO STRIKE AFFIRMATIVE DEFENSES**, page 16.

14. **DEPOSITION DESIGNATIONS AND EXHIBIT OBJECTIONS**, page 17.

15. **PRETRIAL STIPULATION**, page 19.

16. **COMPUTERS AND OTHER EQUIPMENT**, page 19.

17. **NON-COMPLIANCE WITH THIS ORDER**, page 20.

18. **SETTLEMENT**, page 20.

19. **COMMUNICATIONS WITH CHAMBERS**, page 20.

20. **MEDIATION**, page 20.

The parties shall comply with the undersigned's rules as follows:

### 1.   TRIAL, CALENDAR CALL, AND STATUS CONFERENCE

**PLEASE TAKE NOTICE** that the above-captioned cause is hereby set for **Trial** before the Honorable Robin L. Rosenberg, United States District Judge, at the United States District Court at 101 South U.S. Highway 1, Fourth Floor, Courtroom 4008, Fort Pierce, Florida, during the **four-week trial period commencing March 15, 2021 at 9:00 a.m.**, or as soon thereafter as the case may be called.  **PLEASE TAKE FURTHER NOTICE** that **Calendar Call** will be held on **March 10, 2021 at 9:00 a.m.** and a **Status Conference** will be held on **February 10, 2021 at 9:30 a.m.**  Counsel (or a *pro se* party) may appear at the Calendar Call or Status Conference via telephone but must file a notice of telephonic appearance at least one (1) day prior to the Status Conference or Calendar Call.[1]  The notice must include a certification that (1) counsel will not use a speakerphone to conduct the call and (2) counsel will conduct the call in a quiet environment without excessive background noise.  Instructions for appearing via telephone are as follows:

1. Please call five (5) minutes prior to the Status Conference or Calendar Call.
2. The toll-free number is: 1 (877) 873-8018.
3. The access code is: 9890482.
4. The security code is: 4008.

Unless the parties are notified otherwise, the telephonic instructions listed above will apply to all telephonic appearances in this case.

---

[1] Calendar Call and the pre-trial Status Conference will be held at the address and location specified above.  In the event the Court's schedule requires the parties to appear at another location, the Court will notify the parties by order.

## 2.  SERVICE

Unless service is waived, proof of service must be made to the Court by filing the server's affidavit immediately upon receipt.  If a Defendant waives service, notice of the same shall be filed immediately.

## 3.  REFERRAL OF CERTAIN PRETRIAL MOTIONS

Pursuant to 28 U.S.C. § 636(b)(l)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is referred to United States Magistrate Judge Shaniek M. Maynard for appropriate disposition of all *pro hac vice* motions, motions to substitute counsel, and pretrial motions related to discovery.

The undersigned also refers to Judge Maynard the authority to permit an amendment to a pleading.  If any party accepts the opportunity to amend a pleading from Judge Maynard, the undersigned will deem any pending motion to dismiss (or motion to strike) the pleading as moot.

## 4.  PRETRIAL DEADLINES

**Discovery shall begin immediately**, and the parties shall adhere to the following schedule, which shall not be modified absent compelling circumstances:

**July 2, 2020**: Rule 26(a)(1)(A) Initial Disclosures (if not provided earlier).

**July 2, 2020:** Deadline to designate a mediator and to schedule a time, date, and place for mediation.

**August 3, 2020**: Joinder of Additional Parties and Amend Pleadings.

**August 3, 2020**: Mediation must be completed.

**September 24, 2020**: Any motions for class certification shall be filed.

**October 15, 2020**: The parties shall provide opposing counsel with a written list with the names and addresses of all primary/initial expert witnesses intended to be called at trial

and only those primary/initial expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2). Within the 30 day period following this disclosure, the parties shall make their experts available for deposition. The experts' deposition may be conducted without further Court order.

**October 29, 2020**: The parties shall provide opposing counsel with a written list with the names and addresses of all rebuttal/responsive expert witnesses intended to be called at trial and only those rebuttal/responsive expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2).[2] Within the 30 day period following this disclosure, the parties shall make their experts available for deposition. The experts' deposition may be conducted without further Court order.

**Note**: The above provisions pertaining to expert witnesses do not apply to treating physicians, psychologists or other health providers.

**November 16, 2020**: All fact discovery shall be completed.

**December 4, 2020**: All expert discovery shall be completed.

**December 18, 2020**: All Pretrial Motions, including summary judgment motions, *Daubert* motions, and motions *in limine* shall be filed.  *See* sections 11-12.

**February 12, 2021**: Joint Pretrial Stipulation shall be filed. Designations of deposition testimony shall be made. Parties shall also exchange Rule 26(a)(3) witness and exhibit lists.

---

[2] Nothing in this Order shall modify the requirements of the Federal Rules with respect to when an expert summary report may be produced in lieu of a full, written expert report; a party may produce a summary expert report only when the Federal Rules so permit.

**February 18, 2021**: Counter-designations of deposition testimony and objections to designations of deposition testimony shall be filed. Late designations shall not be admissible absent exigent circumstances.

**February 24, 2021**: Objections to counter-designations of deposition testimony and responses to objections to designations of deposition testimony shall be filed.

**March 3, 2021**: Jury Instructions or Proposed Findings of Fact and Conclusions of Law shall be filed. The parties' deposition designation notebook, if applicable, is also due. The parties' obligation to deliver a deposition designation notebook, together with legal argument on all pending objections, does not relieve the parties of their obligation to file the documents outlined above. *See* section 14. The parties' trial plan is due. The parties shall file their finalized exhibit list and witness list.

In the event the parties are concerned with their ability to meet all pretrial deadlines and to be fully prepared to be able to try this case at the scheduled time, the parties may consider consenting to magistrate judge jurisdiction as a magistrate judge may be able to afford the parties greater latitude with respect to these deadlines. However, nothing in this Order shall preclude any party from moving for an extension of pretrial deadlines or a continuance of trial.

### 5. <u>EXTENSIONS OF PRETRIAL DEADLINES</u>

Provided that all parties are in agreement, any pretrial deadline(s) *prior* to the deadline for the filing of dispositive motions may be modified without Court order by filing a joint notice indicating the new pretrial deadline(s) reached by agreement. A motion need not be filed. However, if the parties elect to modify deadlines[3] by agreement, the parties should not anticipate that the Court will modify other deadlines as a result of any possible prejudice to the parties. By

---

[3] The parties' modification of the deadline for discovery will not extend the time for any party to file a motion to compel. The deadline for discovery motion practice will be governed by the discovery deadline entered by the Court.

way of example, if the parties extend the deadline for discovery, the parties should not anticipate that the Court will modify the deadline for dispositive motions. Furthermore, the parties are hereby on notice that if the parties extend the deadline for discovery, the Court will deem the parties to have waived any argument under Rule 56(d) of the Federal Rules of Civil Procedure that a party cannot move for or defend against summary judgment because of the extension of the discovery deadline. Only when the parties seek and are unable to agree on a modification of a pretrial deadline or seek an extension of the deadline for dispositive motions or any deadline following the deadline for dispositive motions, should the parties file a motion with the Court. The parties may not utilize this procedure to extend the deadline to answer a pleading or to respond to a motion. If any party fails to follow the procedures in this order, the Court may deny the motion without prejudice.

The parties are cautioned that the Court will not grant continuances of the dispositive motion deadline or trial date lightly. Any motion requesting either of these forms of relief should contain **detailed** information in support of the motion, including the amount, timing, and type of discovery that was undertaken in the case. The Court's strong adherence to the dispositive deadline is for the parties' benefit. Because of the amount of time necessary for a dispositive motion to ripen and because of the significant amount of time the Court needs in order to properly evaluate and consider dispositive motions, the dispositive deadline must be set several months before trial. In the event the dispositive deadline is extended, an order granting dispositive relief may come too late to save the parties from unnecessary pretrial preparation costs and expenses. Finally, in the event the Court declines to extend any deadline, the parties have the option of consenting to magistrate judge jurisdiction which affords the parties greater flexibility with pretrial deadlines and a trial date.

### 6. **JURY TRIALS**

In addition to filing their proposed jury instructions and verdict form with the Clerk (the date for filing the proposed jury instructions is set forth in the pretrial scheduling order), the parties shall also submit A SINGLE JOINT SET of proposed jury instructions and verdict form in Word format directly to Rosenberg@flsd.uscourts.gov.[4] To the extent these instructions are based upon the Eleventh Circuit pattern jury instructions, counsel shall indicate the appropriate Eleventh Circuit pattern jury instruction upon which their instruction is modeled. All other instructions shall include citations to relevant supporting case law.

The Court wishes to impress upon the parties how important it is for the parties to devote serious consideration to their proposed jury instructions. The Court's review of proposed jury instructions is both time and labor intensive. When a party alters a legal position on a jury instruction at trial (as compared to the party's original position in the proposed instructions), much of the Court's pre-trial preparation is wasted. Relatedly, when a party raises an argument for the first time at trial on jury instructions, the ability of both the Court and the parties to research the new position is hampered by the time constraints of a trial day and the need to respect the time commitment of the jury. Thus, the parties should confer and reach an agreement on as many jury instructions as possible because, through such an agreement, both the parties and the Court can focus their respective valuable time on the central issues in dispute that cannot be resolved through reasonable conferral.

The parties need not agree on the proposed language of each instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or

---

[4] The joint set of proposed jury instructions should include both preliminary jury instructions (from the appropriate Eleventh Circuit pattern instructions) as well as final jury instructions. Proposed voir dire questions and verdict forms should be e-mailed in Word format to this e-mail address as well.

question shall be set forth in Times New Roman 14 point typeface. Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object shall be italicized. Instructions and questions proposed only by defendant(s) to which plaintiff(s) object shall be bold-faced.  If a party's objection to an instruction is that the obstruction should not be given, the objecting party must still either (i) submit proposed wording for the instruction or (ii) state that there is no objection to the wording of the instruction, subject to the party's preserved objection.  Each jury instruction shall be typed on a separate page and, except for Eleventh Circuit pattern instructions clearly identified as such, must be supported by citations to authority.  In preparing the requested jury instructions, the parties shall use as a guide the pattern jury instructions for civil cases approved by the Eleventh Circuit, including the directions to counsel contained therein.

If a Defendant does not intend to pursue an affirmative defense at trial, or if a pled affirmative defense is not a valid affirmative defense under the law, the Defendant should not propose an instruction on that defense and should instead inform the Court of the same.  Defenses such as "failure to state a claim" and "failure to prove the elements of a cause of action" are not affirmative defenses.

When the parties file proposed jury instructions, the parties shall also file a joint statement of the case.  The statement of the case should be brief and should contain no argument.  The purpose of the joint statement of the case is merely to convey enough information to a prospective juror for that juror to ascertain whether he or she has previous knowledge of the case.

### 7.  <u>**BENCH TRIALS**</u>

An additional copy of all proposed Findings of Fact and Conclusions of Law (the date for filing the proposed Findings of Fact and Conclusion of Law is set forth in the pretrial

scheduling order) shall be sent in Word format to the chambers e-mail account listed above. Proposed Conclusions of Law must be supported by citations to authority.

### 8. **EXHIBIT AND WITNESS LISTS**

In any proceeding where evidence will be introduced, counsel shall submit to the Court a typed list of proposed witnesses and/or exhibits. The date for filing the proposed witnesses and/or exhibit lists for trial is one week prior to Calendar Call. All exhibits shall be pre-labeled in accordance with the proposed exhibit list, and only numerical sequences are permitted—alphabetical designations shall not be used. Exhibit labels must include the case number, the exhibit number, and the party offering the exhibit. A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted prior to trial. Any composite exhibits should be listed separately, i.e. 1A, 1B, 1C, etc. The parties shall submit said exhibit list on AO Form 187, which is available from the Clerk's office and at http://www.uscourts.gov/services-forms/forms. At trial, the parties shall deliver to the Court a USB flash drive that contains digital copies of the exhibits. The parties must also comply with Local Rule 5.3.

### 9. **TRIAL PLAN, STATUS CONFERENCE, AND PRETRIAL RULINGS**

At the Status Conference, the Court will require all parties to estimate the total number of witnesses each party intends to call at trial and to estimate the total amount of time requested for trial. The Court will utilize this estimate in the event multiple cases proceed to trial during the relevant trial period. The parties' estimate is not intended to be binding on the parties—it is merely a preliminary scheduling tool for the Court.

As Calendar Call draws near, the Court will require a more detailed estimate of the time needed for trial. The parties shall file a joint trial plan one week prior to Calendar Call. The joint trial plan shall set forth the following information: (1) the anticipated length of time required for

each party's opening statement; (2) the witnesses each party intends to call at trial, listed in the order in which these witnesses will be called;[5] (3) a *brief* description of each witness (*e.g.,* the identity of the witness and the relationship of the witness to any parties in the case); (4) whether the witness is an expert and, if so, the area of expertise of the witness; (5) whether each witness will testify live, by video deposition, or by reading of deposition testimony; (6) the anticipated length of time required for direct examination, cross examination, and redirect examination of each witness; (7) the anticipated length of time required for each party's closing argument; (8) any additional matters that may affect the course of trial; and (9) **an accurate summation of the total time allocated in the trial plan**.[6]

The Court prefers the trial plan to be submitted using the following format:

| ███████████ **Opening Statement** (estimated time) | | | 15 min | | |
|---|---|---|---|---|---|
| ███████ **Opening Statement** (estimated time) | | | 15 min | | |
| ██████████ **Proposed Witnesses** (in proposed sequence) | **Relationship to Party(s)** | **Live / Depo / Video** * | **Time Estimate for** | | |
| | | | **Direct** | **Cross** | **Redirect** |
| 1. ██████████ | Chief Operating Officer and General Counsel ███████ | L | 15 min | 20 min | 5 min |

Prior to filing the joint trial plan, the parties shall meet and confer regarding the matters outlined therein. The parties shall certify in the joint trial plan that they have complied with this

---

[5] If adjustments become necessary during trial, the Court will not require the parties to call their witnesses in the order in which they are listed in the joint trial plan, as long as sufficient advance notice of the adjustments is provided to the Court and opposing counsel. However, the Court expects very little deviation from the joint trial plan in all other respects.

[6] The parties need not include an estimation of time for jury selection.

requirement.  No witness should appear on the trial plan who was not disclosed in the Pretrial Stipulation.

At the same time that the parties file their joint trial plan, the parties shall also file a Notice of Remaining Issues that Require Adjudication.  This Notice shall inform the Court of areas in which a ruling is required including: (1) jury instructions, (2) verdict forms, (3) exhibits, (4) deposition designations, and (5) other evidentiary objections.  The parties shall inform the Court of the general category or nature of the disputes and provide a brief summary of the factual and/or legal support for the parties' respective positions. At Calendar Call, the Court will discuss the volume of remaining issues with the parties.  In the event the number of remaining issues is small, the Court will endeavor to handle these matters at Calendar Call.  In the event the number of remaining issues is moderate or large, the Court will endeavor to set time before trial commences for argument and rulings on as many of the remaining issues as possible.  In the event the Court is unable to address all issues prior to trial, the Court may utilize the first day of trial, either before or after jury selection, to render pre-trial rulings.  The Court's objective in utilizing this procedure is two-fold.  First, the Court seeks to utilize the jury's service as efficiently as possible with minimal, if any, evidentiary objections at trial.  Second, the Court seeks to finalize the jury instructions and verdict form early because, in the Court's experience, counsel's time during trial is best spent on the trial itself without distraction on the legal issues and argument that commonly arise in the finalization of jury instructions.  Of course, the Court recognizes that the finalization of jury instructions cannot be accomplished until all of the evidence has been presented.

## 10. <u>HEARINGS</u>

The Court will review *sua sponte* any motions (other than those referred to the Magistrate Judge) and determine which motions are appropriate for a hearing.  Counsel is allowed to appear in person or via telephone, unless the Court instructs otherwise.  In order to appear via telephone, counsel must file a notice of telephonic appearance, as set forth in the instructions in this Order, at least one (1) day prior to the hearing.  The Court will endeavor to give the parties as much notice of the scheduled hearing as possible, but, at times, notice may be within a week of the hearing.  The Court's *sua sponte* setting of hearings on motions does not preclude the parties from requesting oral argument, as appropriate, on filed motions.  Finally, counsel should keep in mind the need to provide courtroom experience to the next generation of practitioners and, as a result, the Court will particularly welcome any lawyer with four or fewer years of experience to argue any of the motions set for a hearing.

## 11. <u>MOTIONS FOR SUMMARY JUDGMENT AND STATEMENTS OF MATERIAL FACTS</u>

Local Rule 56.1(a) requires a motion for summary judgment (and opposition thereto) to be accompanied by a statement of material facts.  Pursuant to Local Rule 56.1(a)(2), this statement of material facts must be supported by *specific* references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the court.  In the event a respondent fails to controvert a movant's supported material facts in an opposing statement of material facts, the movant's material facts will be deemed admitted.  Local Rule 56.1(b).  In the interest of judicial economy, in the interest of proper and careful consideration of each party's statement of material facts, and in the interest of determining matters on summary judgment on the merits, the Court hereby orders the parties to file any statement of material facts as follows:

A statement of material facts shall be a separate filing from a motion for summary judgment or a response to a motion for summary judgment.

Each material fact in the statement that requires evidentiary support shall be supported by a specific citation. This specific citation shall reference pages (and line numbers, if necessary) of exhibits. When a material fact requires evidentiary support, a **general citation to an exhibit, without a page number or pincite, is not permitted**.

Each cited exhibit must be an attachment to the statement of material facts. By way of example, a statement of material facts may be filed in CM/ECF[7] with attachments as follows:

| Document Number: 113 | | 8 pages | 206 kb |
|---|---|---|---|
| | | | |
| **Attachment** | **Description** | | |
| 1 | Exhibit A - Amended Complaint | 33 pages | 1.0 mb |
| 2 | Exhibit B - ███ Answer to Amended Complaint | 5 pages | 105 kb |
| 3 | Exhibit C - ███ Affidavit dated 7/28/15 | 27 pages | 4.4 mb |
| 4 | Exhibit D - Part 1 - ███ Affidavit dated 6/10/15 | 11 pages | 292 kb |
| 5 | Exhibit D - Part 2 | 33 pages | 1.1 mb |
| 6 | Exhibit D - Part 3 | 17 pages | 0.6 mb |
| 7 | Exhibit D - Part 4 | 27 pages | 7.7 mb |
| 8 | Exhibit D - Part 5 | 25 pages | 4.1 mb |

All citations in the statement of material facts must cite to the attached exhibits. For example, a citation could be to "Exhibit A, ¶ 2" or (for a deposition) "Exhibit C, p. 12 line 15" or

---

[7] The Court recognizes that pro se parties do not have control over how their filings appear in CM/ECF. Nonetheless, a pro se litigant's paper filing must comply with the requirements of this Order.

"Exhibit C, 12:15".[8]  Hypothetical unacceptable citations include the following: "Exhibit B" or "Smith Affidavit".  Similarly, a party should not cite to "Smith Affidavit, pgs. 223-24" and should instead cite to "Exhibit E, Smith Affidavit, pgs. 223-24".

A respondent's statement of material facts must specifically respond to each statement in the movant's statement of material facts.  By way of example, if a movant's statement of material facts reads as follows:

<div style="border:1px solid #000; padding:10px;">

**<u>MOVANT'S STATEMENT OF MATERIAL FACTS</u>**

1.  Blackacre is owned by Movant.  Exhibit B, ¶ 2.

2.  Blackacre is currently under contract for sale.  Exhibit C, pgs. 2-4.

</div>

A respondent's statement of material facts must clearly respond to each of the foregoing:

<div style="border:1px solid #000; padding:10px;">

**RESPONDENT'S STATEMENT OF DISPUTED FACTS
IN OPPOSITION TO MOVANT'S STATEMENT OF MATERIAL
FACTS AND STATEMENT OF ADDITIONAL MATERIAL FACTS
<u>IN OPPOSITION TO MOVANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Paragraph 1:  Undisputed

Paragraph 2:  Disputed.  The contract for sale was never executed.  Exhibit A, ¶ 5.

</div>

As shown above, the first word in each response must be "disputed" or "undisputed."  If a statement is disputed, the evidentiary citations supporting that dispute must be limited to evidence specific to the dispute.  Additional facts that do not directly refute the disputed fact should be included in the respondent's own statement of (additional) material facts.

---

[8] The citations in this section are not intended to correspond directly to the example image of a filing in CM/ECF.

In the event a party fails to comply with the requirements delineated in this section, the Court may strike the deficient statement of material facts and require immediate compliance, grant an opposing party relief, or enter any other sanction that the Court deems appropriate.

## 12. **MOTIONS IN LIMINE**

Each party is limited to filing one motion in limine that contains no more than three requests for relief. This limitation includes *Daubert* challenges to expert witnesses. Any party may move for a modification of this limitation at least one week in advance of the deadline for filing motions in limine and must provide a detailed basis to support the requested relief. Motions in limine that request for the Court to order the opposing party to comply with the Federal Rules of Evidence are improper and may be denied immediately.

## 13. **MOTIONS TO STRIKE AFFIRMATIVE DEFENSES**

Motions to strike are generally disfavored as courts consider them "a drastic remedy to be resorted to only when required for the purposes of justice" that should only be granted when allegations "have no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962). This Court disfavors motions to strike affirmative defenses. However, the Court will not permit a defendant to raise an affirmative defense that is not, in fact, an affirmative defense (such as the affirmative defense of "failure to state a claim") at any stage of the litigation, including upon the filing of a motion for summary judgment and at trial. When counsel files such affirmative defenses, it reflects a lack of due diligence in the crafting of the answer and the affirmative defenses. The Court will construe improper affirmative defenses as denials. *See Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716, 2013 WL 1788503, at *4 (S.D. Fla. Apr. 26, 2013) ("The proper remedy when a party mistakenly labels a denial as an affirmative defense is not to strike the claim but instead to treat it as a specific denial.").

Nonetheless, the Court does not prohibit any party from filing a motion to strike affirmative defenses.  In the event a party elects to file a motion to strike affirmative defenses, however, the party must certify in the opening paragraph of the motion that the party has read and considered this section in the Court's Order and has considered the case law cited herein.

### 14. DEPOSITION DESIGNATIONS AND OBJECTIONS TO EXHIBITS

In the experience of this Court, only a small fraction of deposition designations are utilized at trial.  Juxtaposed to the small amount of deposition designation testimony utilized at trial is the large amount of time and expense that deposition designations entail: the proponent must study a deposition to designate relevant testimony, the opposing party must prepare objections to designated testimony, the proponent must thereafter respond to the opposing party's objections, the parties must confer on all objections, the Court must hear argument on unresolved, contested objections, and the Court must, in many cases, review extensive portions of deposition transcripts. The Court's review of deposition transcripts is complicated by the fact that the Court is often without the benefit—unlike the parties—of the context of the entire scope of evidence that will be introduced at trial.  The foregoing impacts the amount of time the parties have to prepare for the trial and the amount of time that jurors may spend hearing evidence on a given trial day.   In summary, the foregoing affects the Court's and the parties' obligations under Rule 1 of the Federal Rules of Civil Procedure.  Rule 1 requires that the Federal Rules be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  In accordance with its obligations under Rule 1, the Court orders the following.

First, the parties are ordered to provide the Court with a deposition designation notebook. This notebook must be delivered to Chambers one week prior to Calendar Call.  Second, the

notebook (or notebooks) must contain the full deposition transcript for each designated witness. Third, the designated (or counter-designated) testimony for each witness must be highlighted and easy to locate and identify. Fourth, objections to the designated testimony must be supplemented with an appendix that contains detailed legal argument explaining the objections, together with a response from the opposing party. Fifth and finally, an objection to designated testimony may only be raised after a full, reasonable conferral between the parties on the issue in dispute as more fully set forth below.

Deposition designation objections must be accompanied by a certification, by the party objecting, that: (i) the parties have conferred on the objection, (ii) the objection is raised in good faith, (iii) the objection raises an issue that the parties, working together as professionals, cannot resolve without court intervention, and (iv) the expenditure of judicial labor is the only avenue by which the dispute may be resolved. The Court will carefully consider all of the objections brought to its attention. In the event the Court concludes that a designating party or counsel, or an objecting party or counsel, has failed "to secure the just, speedy, and inexpensive determination of every action and proceeding," the Court may consider sanctions, as appropriate. Similarly, if the Court concludes that objections to designations must be ruled upon contemporaneously with the reading of designated testimony[9] at trial because of a party or counsel's failure to comply with this Order, the Court may consider sanctions, as appropriate.

Finally, the requirements in the preceding paragraph apply to the parties' objections to exhibits. The parties are expected to fully and reasonably confer on every objection to an exhibit. In the event the Court determines that objections to exhibits are objections that could have been

---

[9] Such a ruling may mean that a transcript of a video deposition must be read in lieu of presentation of the video recording.

resolved through a full, reasonable, and professional conferral, the Court may consider sanctions, as appropriate.

### 15. <u>PRETRIAL STIPULATION</u>

The Joint Pretrial Stipulation shall conform to S.D. Fla. L.R. 16.1(e).  The Court will not accept unilateral pretrial stipulations, and will strike *sua sponte* any such submissions.  Should any of the parties fail to cooperate in preparing the Joint Pretrial Stipulation, all parties shall file (by the date the pretrial stipulation was due) a certification with the Court stating the circumstances.  Upon receipt of such certifications, the Court may issue an order requiring the non-cooperating party or parties to show cause why such party or parties, or their respective attorneys, should not be sanctioned for the failure to comply with the Court's order.  The pretrial disclosures and objections required under Fed. R. Civ. P. 26(a)(3) should be served, but not filed with the Clerk's Office, as the same information is required to be attached to the parties' Joint Pretrial Stipulation.  The filing of a motion to continue trial shall not stay the requirement for the filing of a Pretrial Stipulation.

The Pretrial Stipulation must contain a list of the exhibits each side intends to offer at trial and a list of each witness who will testify at trial.  If an exhibit does not appear on the exhibit list, that exhibit may not be offered at trial absent good cause and no prejudice to the other side.  If a witness does not appear on the witness list, that witness may not testify at trial absent good cause and no prejudice to the other side.

### 16. <u>COMPUTERS AND OTHER EQUIPMENT</u>

Counsel desiring to utilize laptop computers or other electronic equipment in the courtroom shall file a motion and submit a proposed order granting such use one week prior to the commencement of trial.  The motion and proposed order should describe with specificity (1) the

equipment, (2) the make and model of the equipment, and (3) the identity of the person who will bring the proposed equipment. A sample order permitting electronic equipment into the courtroom is available for viewing on the Court's website at: http://www.flsd.uscourts.gov / content / judge-robin-l-rosenberg. Counsel shall contact the courtroom deputy at least one week prior to trial to discuss any special equipment (video monitor, etc.) that may require special arrangements.

### 17. NON-COMPLIANCE WITH THIS ORDER

Intentional or repeated non-compliance with any provision of this Order may subject the non-complying party or counsel to appropriate sanctions. It is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

### 18. SETTLEMENT

If the case is settled, counsel shall so inform the Court within two court-days of settlement by submitting an appropriate notice of settlement, stipulation for dismissal, or motion for dismissal, pursuant to Federal Rule of Civil Procedure 41(a). *See* Local Rule 16.4. The parties shall attend all hearings and abide by all time requirements unless and until an order of dismissal is filed.

### 19. COMMUNICATION WITH CHAMBERS

Rules regarding communication with Chambers are available for viewing at http://www.flsd.uscourts.gov / content / judge-robin-l-rosenberg.

### 20. MEDIATION

Pursuant to Local Rule 16.2, this case is referred to mediation as follows:

    a.    Mediation shall be completed by the above stated deadline for completing mediation;

    b.    The parties shall—within the above stated deadline to designate a mediator and to schedule a time, date, and place for mediation— agree upon a mediator and file a Notice with the Court naming the

chosen mediator and stating the date, time, and location for which mediation has been scheduled. If the parties are unable to agree upon mediator, they shall ask the Clerk of Court to designate a mediator from the list of certified mediators on a blind random basis;

c.      Counsel for Plaintiff shall be responsible for coordinating a mediation date, time, and location agreeable to the mediator and all counsel of record;

d.      **Within one (1) day** of the mediation conference, the mediator shall file a Mediation Report indicating who attended the mediation and the result thereof; and

e.      The parties shall refer to the portion of this Order designated "Settlement" for instructions on how to proceed after settlement.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 2nd day of June, 2020.

Copies furnished to:                         ROBIN L. ROSENBERG
Counsel of record                            UNITED STATES DISTRICT JUDGE